1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BEVERLY OSTRANDER,

11          Plaintiff,                        No. CIV S-09-1392 MCE KJM PS

12          vs.

13   FREMONT REORGANIZING
     CORPORATION, et al.,
14
            Defendants.              FINDINGS AND RECOMMENDATIONS
15
     _____/
16
            Defendants' motions to dismiss[1] came on regularly for hearing on July 22, 2009.

17   No appearance was made for plaintiff, proceeding pro se.  Mia Blackler appeared for the

18   Fremont defendants.  John Ives appeared for defendants MERS, Litton Loan and HSBC Bank.

19   ─────────────────────────

20          [1] The moving defendants do not encompass all the named defendants.  As explained
     below, the court will recommend that the motions to dismiss be granted.  As to the nonmoving
21   defendants, the court will recommend dismissal as well.  "A District Court may properly on its
     own motion dismiss an action as to defendants who have not moved to dismiss where such
22   defendants are in a position similar to that of moving defendants or where claims against such
     defendants are integrally related."  Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir.
23   1981).  "Such a dismissal may be made without notice where the [plaintiff] cannot possibly win
     relief."  Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987).  The court's authority
24   in this regard includes sua sponte dismissal as to defendants who have not been served and
     defendants who have not yet answered or appeared.  Columbia Steel Fabricators, Inc. v.
25   Ahlstrom Recovery, 44 F.3d 800, 802 (9th Cir. 1995).  The claims made here against the
     nonmoving defendants are integrally related to the claims against the moving defendants.
26   Dismissal of the entire action is therefore appropriate.

                                              1

Upon review of the documents in support and opposition, and good cause appearing therefor,

THE COURT FINDS AS FOLLOWS:

In this action, plaintiff challenges the deed of trust on her home, alleging that the United States has been in bankruptcy since 1933, Federal Reserve notes have no intrinsic value, and that plaintiff was not loaned anything of worth.  Defendants move to dismiss for failure to state a claim.  Defendants' motions are well taken.

The theory underlying plaintiff's claims is untenable, frivolous and must be rejected outright.[2]  See United States v. Condo, 741 F.2d 238, 239 (9th Cir. 1984) (theory that federal reserve notes are not valid currency is frivolous); Foret v. Wilson, 725 F.2d 254, 254-55 (5th Cir. 1984) (argument, that gold and silver is the only legal tender in United States, is hopeless and frivolous); see also United States v. Greenstreet, 912 F.Supp. 224, 229 (N.D. Tex. 1996) (rejecting as irrational plaintiff's attack on legitimacy of federal reserve notes); Sneed v. Chase Home Finance, LLC, 2007 WL 1851674, *3 (S.D. Cal. June 27, 2007); Tuttle v. Chase Home Finance, LLC, 2008 WL 4919263, *3-4 (D. Utah Nov. 17, 2008); Carrington v. Fed'l Nat'l Mortgage Assoc., 2005 WL 3216226, *2 (E.D. Mich. Nov. 29, 2005).

Plaintiff's claim under RICO is similarly deficient in that the predicate acts of racketeering activity simply do not exist.  The activity underlying plaintiff's claims was a simple loan transaction.  This is not the kind of unlawful activity contemplated by the Civil RICO Act.  See 18 U.S.C. § 1961.  It is readily apparent that amendment in this case would be futile.  The complaint should therefore be dismissed with prejudice.

Plaintiff has moved for a temporary restraining order.  The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing.  The cases contain limited discussion of the standards for issuing a temporary restraining order due to the

---

[2]  Plaintiff is cautioned that further frivolous filings causing unwarranted consumption of judicial resources and defense costs will result in the imposition of sanctions under Federal Rule of Civil Procedure 11.

1  fact that very few such orders can be appealed prior to the hearing on a preliminary injunction.

2  It is apparent, however, that requests for temporary restraining orders that are ex parte and

3  without notice are governed by the same general standards that govern the issuance of a

4  preliminary injunction.  See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347

5  n.2 (1977) (Rehnquist, J.); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368

6  (S.D.N.Y. 1990).

7            The legal principles applicable to a request for preliminary injunctive relief are

8  well established.  "The traditional equitable criteria for granting preliminary injunctive relief are

9  (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to

10 plaintiff if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff,

11 and (4) advancement of the public interest (in certain cases)."  Dollar Rent A Car v. Travelers

12 Indem. Co., 774 F.2d 1371, 1374 (9th Cir. 1985).  The criteria traditionally are treated as

13 alternative tests.  "Alternatively, a court may issue a preliminary injunction if the moving party

14 demonstrates 'either a combination of probable success on the merits and the possibility of

15 irreparable injury or that serious questions are raised and the balance of hardships tips sharply in

16 his favor.'"  Martin v. International Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984) (quoting

17 William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 526 F.2d 86, 88 (9th Cir.

18 1975) (emphasis in original)).  The Ninth Circuit has reiterated that under either formulation of

19 the principles, if the probability of success on the merits is low, preliminary injunctive relief

20 should be denied:

21            Martin explicitly teaches that "[u]nder this last part of the
             alternative test, even if the balance of hardships tips decidedly in
22           favor of the moving party, it must be shown as an irreducible
             minimum that there is a fair chance of success on the merits."
23

24 Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting

25 Martin, 740 F.2d at 675).

26 /////

1   As discussed above, plaintiff demonstrates no likelihood of success on the merits.

2   In light of the recommendation that this action be dismissed with prejudice, plaintiff's request

3   for preliminary injunctive relief should be denied as well.

4   Accordingly, IT IS HEREBY RECOMMENDED that:

5   1.  Defendants' motions to dismiss be granted with prejudice;

6   2.  Plaintiff's motion for preliminary injunctive relief be denied; and

7   3.  This action be dismissed with prejudice as to all defendants.

8   These findings and recommendations are submitted to the United States District

9   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten

10  days after being served with these findings and recommendations, any party may file written

11  objections with the court and serve a copy on all parties.  Such a document should be captioned

12  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

13  shall be served and filed within ten days after service of the objections.  The parties are advised

14  that failure to file objections within the specified time may waive the right to appeal the District

15  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

16  DATED:  August 25, 2009.

17

18  _____
    U.S. MAGISTRATE JUDGE

19  006
    ostrander2.57

20

21

22

23

24

25

26